[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR DEFICIENCY JUDGMENT (#139)
In a complaint with a return date of February 27, 1996, the plaintiffs brought this foreclosure action against two CT Page 5670 defendants, Raymond C. Muscarella and Merchants Reporting Services, Inc. The action was subsequently withdrawn as to the latter defendant by withdrawal filed May 16, 1997. Judgment entered in this matter by strict foreclosure (Hendel, J.) on October 9, 1996, with the law day set for November 12, 1996. A Motion to Reopen the Judgment was filed on October 30, 1997, and granted by the court (Hendel, J.) on November 4, 1996, setting the new law day for February 10, 1997. A second Motion to Reopen Judgment was filed on January 13, 1997, and denied by the court (Handy, J.) on February 10, 1997.
By written stipulation filed on February 3, 1997, the parties agreed that the value of the property found by the court for purposes of the judgment of strict foreclosure was not binding upon the parties for purposes of a deficiency judgment. The parties further stipulated that the value of the property as of the date title vested would be determined de novo at a deficiency hearing.
The plaintiffs filed a Motion for Deficiency Judgment on February 25, 1997, to which the remaining defendant, Raymond C. Muscarella, filed an objection on March 14, 1997.
On the date of the strict foreclosure the court found the fair market value of the property to be $50,000.; $20,000 was attributed to the land and $30,000 was attributed to the improvements. At the time of judgment, the debt was found to be $44,083.63. The court awarded $1500 for attorney's fees and $1,181.50 for costs, including the title fee and appraisal fee.
A hearing was held on the motion and the objection on May 19, 1997, at which time all parties were represented and had a full opportunity to be heard. The parties do not disagree with the amount of debt established at the judgment or the attorney's fees and costs awarded or the amount of interest which has accrued from the date of judgment to the date title vested in the plaintiff (February 12, 1997). The parties further represented to the court that there was no disagreement as to charges owed since the judgment: priority water charge paid by the plaintiff ($393.71), winterization charges ($519.40), priority real estate taxes paid by the plaintiff ($16,000.00), and outstanding real estate taxes ($3,283.51).
The only issue in contention is the fair market value of the property on the date title vested. At the hearing the court heard testimony from the plaintiff's appraiser, Howard Russ, and from the CT Page 5671 defendant's appraiser, Edward DeCapua.
The property is located at 981 Bank Street in New London, Connecticut, and is formerly residential space converted to a business use. It consists of approximately 9,852 square feet on .23 acres of land. The gross building area is 1,622 square feet, 1,328 square feet in the main building area and 294 square feet in the converted garage area. The appraisers disagree as to the usable value of the garage space. Both appraisers testified that the highest and best use for the property would be continued use as an office building.
Plaintiff's appraiser found the fair market value of the property to be $50,000. on the date title vested in the plaintiff, using the direct sales comparison approach to support his position. He gave no real value to the converted garage area, commenting that while it might be viable storage space, it did not contain any toilet facilities and would thus be inappropriate as office space. Mr. Russ further testified that the property had been on the market for two years with no sale and there had been very limited sales of commercial property in the New London area. Mr. Russ felt that the property was in below average condition for office space.
In a prior appraisal, dated May 22, 1996, Mr. Russ did utilize the cost approach as one of his approaches to valuation. By this approach, Mr. Russ found that the value of the property, if vacant and available for development, would be $55,000. Mr. Russ carefully noted on page 18 of his original appraisal, however, that he was utilizing this approach solely to show the highly depressed; economic climate in the New London area and noted that the total value via the cost approach exceeded the asking price on the property as it had been advertised for the preceding year. Accordingly, this court gives no credence to the value of $55,000 established through the cost approach.
Defendant's appraiser testified that the fair market value of the property on the date title vested was $70,000, $55,000 attributable to the land and $15,000 attributable to the improvements. Mr. DeCapua used both the sales comparison approach and the income capitalization approach to verify his value. In arriving at his value, however, Mr. DeCapua included the converted garage space as fully usable office space and thus, evaluated the property based on gross building area of 1,622 square feet. This court finds that analysis unacceptable and does not consider space which contains no lavatory facilities, requiring people to leave CT Page 5672 the building to use such facilities, "appropriate space".
The court finds that Mr. DeCapua's values are based in large part on a higher gross building area than is available. Mr. Russ's value was based on the gross building area including only the main area and excluding the converted garage space for a total gross building area of $1,328 square feet. This court finds the Russ analysis much more realistic. Accordingly, the court finds that fair market value of the property to be $50,000 on the date that title vested in the plaintiff. The court also awards an additional $500 for attorney's fees and $350 for the updated appraisal and Mr. Russ's testimony at the hearing.
Pursuant to Section 49-14 of the Connecticut General Statutes, this court makes the following deficiency calculation:
Findings on Date of Judgement
Debt $44,083.63
Attorney's Fees 1,500.00
Costs on original 1,181.50
 Interest from Date of Judgment to Date of Title Vesting in Plaintiff 1,683.20
 Subtotal $48,448.33
 Less Value of Property on Date Title Vested $50,000.00
 Subtotal $-1,551.67
Water Charge Paid by Plaintiffs 393.71
Winterization Charges 519.40
 Priority Real Estate Taxes Paid by Plaintiffs 16,000.00
Real Estate Taxes Due 3,283.51
Additional Attorney's Fees 500.00 CT Page 5673
Additional Appraiser's Fee 350.00
Deficiency Judgment $19,494.95
Handy, J.